UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | HON. PAUL L. MALONEY |
| Plaintiff, | CRIMINAL CASE NO.: 1:10-cr-207 |
| Vs. | |
| SCOTT ALLAN HERRICK | |
| Defendant. | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS

### MOTION TO SUPPRESS EVIDENCE

NOW COMES the defendant, Scott Allan Herrick, by and through his attorney, Chris A. Houghtaling, of Houghtaling, Wasiura & Catalino, PLC, and moves this Honorable Court to suppress certain evidence that he believes the government will seek to introduce at trial. In support of this motion, Mr. Herrick states as follows:

**Background**

On July 2, 2010, Mr. Herrick was charged in a criminal complaint with receipt, distribution and possession of child pornography. The grand jury returned an indictment against Mr. Herrick on July 2, 2010. The indictment charges Mr. Herrick with four counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a)and (e)), two counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1)) and one count of possession of child pornography (in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2)) in a seven count indictment.

Mr. Herrick is seeking to suppress any and all evidence seized as a result of several searches. These searches include: the search of his residence on July 1, 2010; the search of the Gerber Boy Scout Camp on July 1, 2010; the search of his vehicle conducted on July 1, 2010. Mr. Herrick also moves this Honorable Court to suppress all statements he made to authorities following these searches. These statements include those made following and during the

execution of the search warrant for his residence and place of employment at Gerber Boy Scout Camp on July 1, 2010.

Mr. Herrick is seeking to have the four counts of sexual exploitation of children dismissed as there is no activity that reflects that there was an attempt to produce a video that the depicted the lascivious exhibition of genitals of boys in the locker room of the YMCA.

### Legal Discussion

**The affidavit in support of the search warrant for Mr. Herrick's residence and vehicle and the Gerber Boy Scout Camp did not establish probable cause for the searches – among other flaws, many of the allegations were stale.**

Throughout the history of this country, general warrants have been regarded with disfavor. *United States v Allen*, 211 F.3d 970(6th Cir. 2000)(Clay J., dissenting). The Fourth Amendment of the Constitution protects people from unreasonable searches and seizures. *Id.* A warrant is generally required if state authorities are going to conduct a search, and such a warrant must be specific – describing with particularity the place to be searched and things or persons to be seized – and supported by probable cause. *United States v Campbell*, 256 F.3d381, 385, 388(6th Cir. 2001). Whether there is probable cause to support a warrant depends on a "practical" common sense" decision regarding whether given all of the circumstances set forth in an affidavit for a search warrant there is a fair probability that evidence of a crime will be found in a given place. *Id.* at 385. The sufficiency of an affidavit underlying a search warrant is reviewed under a "totality of the circumstances" test. *Allen*,211 F.3d at 972. A warrant will be upheld only if there was a "substantial basis" for deciding that a search would uncover evidence of an offense. *Campbell*, 256 F.3d at 385.

The search warrant from July 1, 2010, for the search of Mr. Herrick's residence and workplace was fatally flawed. The search warrants were overbroad and did not establish probable cause to search for many of the items seized. Flaws in the affidavit and search warrant will be explored in greater detail below.

The allegations in the affidavit in support of the search warrant were:

·  A computer and router were used in the transmission of child pornography images in interstate commerce.

·  That the items may be located at Gerber Boy Scout Camp, and the camp has multiple permanent structures, including offices and housing for staff and employees.

·       That child pornography is shared through Peer to Peer (P2P) software with a private list of "friends".

·       That Special Agent (SA) Barry Couch of the Federal Bureau of Investigations (FBI) office in Rochester, New York established a connection with "Joshiex."  The time of the connection is not noted in the search warrant on April 24, 2010.

·       That the search warrant fails to identify individuals who were present at the Gerber Boy Scout Camp on April 24, 2010.

·       That the search warrant sought to seize all computers including desktop and laptop computers) possessed by Gerber Boy Scout Camp and all employees and staff members of the Boy Scout Camp and within the premises at the time of the execution of the warrant.  This is overbroad and there is no showing of a nexus for the items seized.

The search warrant from July 18, 2010, for the search of Mr. Herrick's residence and workplace was fatally flawed.  The search warrants were overbroad and did not establish probable cause to search for many of the items seized.  Flaws in the affidavit and search warrant will be explored in greater detail below.

·       That the iPod was seized and given to the Executive Director to be maintained with Herrick's other personal property.

·       That there has been no showing of what actions were taken with regards to the iPod, how the iPod was secured and maintained.

The search warrant from August 26, 2010, for the search of Mr. Herrick's residence and workplace was fatally flawed.  The search warrants were overbroad and did not establish probable cause to search for many of the items seized.  Flaws in the affidavit and search warrant will be explored in greater detail below.

·       That Mr. Herrick was not free to leave as alleged.  Mr. Herrick reports that he attempted to depart and an agent placed his hand on his handcuffs and stood in the path of Mr. Herrick.

·       That questioning ensued following the display of the handcuffs and blocking Mr. Herrick's path.

·       That Mr. Herrick denies admitting to agents or anyone that he participated in downloading, distributing and possessing child pornography.  Mr. Herrick denies that he made any admissions to agents.

·      The forensic examiners discovered Herrick has several videos while boys were changing their clothes in the boys' lockers room at the YMCA in Muskegon.

These allegations do not give rise to probable cause that Mr. Herrick was involved in a child-pornography offense.  There is no nexus between the April 24, 2010 investigation and Mr. Herrick.  These are allegations that are not supported by the electronic data, and unable to determine the location or computer that was used.

> I.   **The warrant to search Mr. Herrick's residence and place of employment was overbroad regarding the issue of child pornography, so the search was unsupportable.**

There must be a nexus between the offense alleged and the place to be searched and the evidence that is the object of the search.  *United States v. Holson*, 543 F.3d 286 (6th Cir. 2008).  There was no nexus between the search for child pornography and the residence of Mr. Herrick.

Mr. Herrick lived full-time at the Boy Scout Camp.  Mr. Herrick was employed as the director of the camp, and resided year round at the facility.  There are several other individuals that come to the camp on a regular basis.

> II.  **The good-faith exception to the search warrant requirement does not apply to save the evidence from exclusion, as a reasonable police officer would not have relied on the search warrant for Mr. Herrick's residence and place of work with only the allegations in the affidavit to support it.**

If an exception to the warrant requirement applies, evidence obtained based on a defective warrant may not be excluded.  *United States v. Holson*, 543 F.3d 286 (6th Cir. 2008).  There must be a nexus between the offense alleged and the place to be searched and the evidence that is the object of the search. *Holson*, 543 F.3d at 290-292.

> III. **The alleged images of the minor children from the seized video recordings do not display a minor engaged in any sexually explicit conduct and are not depicted in a lascivious exhibition of their genitals and pubic area and Counts One through Four of the Indictment should be dismissed.**

The Indictment is specific in alleging that Mr. Herrick attempted to produce a video that depicts the lascivious exhibition of boy's genitals.  Included in the definition of "sexually explicit conduct" is the lascivious exhibition of the genitals or pubic area.  18 U.S.C. § 2256.  In

determining whether an item depicts a "lascivious exhibition of the genitals or pubic area"; the following factors are to be considered:

> (1) Whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> (2) Whether the setting of the visual depiction is sexually suggestive, i.e. in a place or pose generally associated with sexual activity;
>
> (3) Whether the child is depicted in an unnatural pose, or in appropriate attire, considering the age of the child;
>
> (4) Whether the child is fully or partially clothed, or nude;
>
> (5) Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and
>
> (6) Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

See *United States v. Dost*, 636 F. Supp. 828 (N.D. Cal. 1986); and *Helton*, 2007 WL 1674196 at 6; see also *United States v. Campbell*, 81 Fed. Appx. 532, 536 (6th Cir. 2003).

In the case at bar when considering each of the necessary elements, it is clear that the video recordings do not meet the definition of sexually explicit conduct.

### (1) Whether the focal point of the visual depiction is on the child's genitalia or pubic area;

The recordings are alleged to have taken place in the Muskegon YMCA men's locker room. The recordings are of the locker room and there is no focal point specifically on a child's genitalia or pubic area. There are brief images in the video of boys changing their clothing in a locker room. The images focal point is not on anyone's genitalia, rather, just an image of a locker room as the camera is moved around.

The video fails to meet the requirement that the focal point of the visual depiction is on the child's genitalia or pubic area.

### (2) Whether the setting of the visual depiction is sexually suggestive, i.e. in a place or pose generally associated with sexual activity;

The setting is the YMCA men's locker room in Muskegon County, Michigan. The locker room is a location where people change their clothing before or after participating in athletic activities. The setting depicted in the video is not a location that would be associated with sexual titillation, rather, the mundane task of changing your clothing. There is no indication in the images that anyone is posed in a manner that would be generally associated with sexual activity. The location is simply a location that individuals lawfully enter, change their clothing, often resulting being nude among other individuals of the same sex, that is not associated with sexual activity.

Attached Exhibit A details what is required to join the Muskegon YMCA. Part of the benefits of being a member of the YMCA is the use of the locker room. For a nominal fee, you can join the YMCA and have access to the locker room where people will change their clothes. The YMCA literature states "Our Mission; To put Judeo-Christian principles into practice through programs that build healthy spirit, mind and body over all." The YMCA does not promote an environment where sexual activity takes place.

The video does not depict a sexually suggestive location, place or pose that would be associated with sexual activity. The video images should be suppressed.

### (3) Whether the child is depicted in an unnatural pose, or in appropriate attire, considering the age of the child;

The boys depicted in the video images are believed to be approximately nine years old. The boys are in the men's locker room at the YMCA. The children are in the process of changing their clothes from street clothes to swim suits, or from swim suits to street clothes.

The boys are wearing appropriate attire for the activity for which they are engaged. It would be expected that boys that are swimming at the YMCA would change their clothing in a men's locker room. The locker room is set up in a manner that when people are in the locker room they can see other men/boys changing their clothes. There are individual stalls in which someone may change their clothes. This is not believed to be the custom or practice at the YMCA.

The images do not depict a boy in an unnatural pose, dressed in inappropriate attire considering the ages of the children. The video images should be suppressed.

### (4) Whether the child is fully or partially clothed, or nude;

The video images contain partially clothed and nude boys. The location and setting is in an environment in which this would be normal activity. Although the images contained do

6

show partially clothed or nude children, the images do not contain a lascivious exhibition of the genitals or the pubic area.

Although there are nude images of boys in the locker room, there is nothing in the videos that reflect this is for sexual titillation.

**(5) Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and**

The video images are of boys changing their clothing. The boys are encouraged to get dressed. There is no activity that suggests sexual coyness, or a willingness to engage in sexual activity. Although the images contain images of young boys in partial states of undress and nude there is nothing that reflects sexual activity or an intent to engage in sexual activity.

**(6) Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.**

The images are innocuous of boys changing their clothing in a locker room. The images do not depict a child engaged or involved in any activity of a sexual nature. The locker room setting is a quasi-public area that any male seeking to change his clothing may enter. To become a member of the YMCA you pay a fee, and have access to the facilities.

The picture of a child 'engaged in sexually explicit conduct' within the meaning of 18 U.S.C. §§2251 and 2252 as defined by §2255(2)(E) is a picture of a child's sex organs displayed lasciviously – that is, so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur." *United States v. Wold*, 890 F.2d 241, 245 (10th Cir. 1989). Mr. Herrick does not believe that any of the videos meet the definition of lascivious exhibition of the pubic area.

Mr. Herrick requests that the video images be suppressed and that Counts One through Four be dismissed.

Mr. Herrick is seeking to suppress any and all evidence seized as a result of the search of his residence on July 1, 2010, July 18, 2010 and from the seized iPod.

WHEREFORE, the defendant, Scott Allan Herrick, asks that this evidence be suppressed and excluded from presentation at trial or for any other purpose.

                                            Respectfully submitted,

Dated: February 4, 2011                        _____

                                            Chris A. Houghtaling, P51239
                                            Houghtaling, Wasiura & Catalino, PLC
                                            Attorney for Defendant
                                            1189 Peck Street
                                            Muskegon, Michigan 49441
                                            (231)722-2222