# Exhibit # 2

AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
для for the
Western District of Michigan

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 1:10-MJ-348
HP Pavilion dv6700 laptop computer and )
iPod Touch digital device )
)

Certified as a True Copy
By M. Hetherington
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date JUL 8 2010

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
HP Pavilion dv6700 laptop computer serial # CNF81816QS and iPod Touch digital device

located in the _____Western_____ District of _____Michigan_____, there is now concealed *(identify the person or describe the property to be seized)*:

evidence related to child pornography and sexual exploitation of children

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252A(a)(1) | Transmission, receipt, and possession of child pornography |
| 18 USC 2252A(a)(2) | |
| 18 USC 2252A(a)(5)(B) | |

The application is based on these facts:
See

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
_____
*Applicant's signature*

Adam J. Van Deuren, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   07/08/2010

City and state: Grand Rapids, Michigan

JOSEPH G. SCOVILLE
_____
*Judge's signature*

Joseph G. Scoville, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

IN THE MATTER OF A SEARCH OF
HP PAVILION dv6700 LAPTOP COMPUTER AND
iPOD TOUCH DIGITAL DEVICE

### AFFIDAVIT

I, Adam J. Van Deuren, being duly sworn, depose and say that:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since April 2005. I am currently assigned to the Grand Rapids Resident Agency, Grand Rapids, Michigan. In my employment as an FBI SA, I have investigated various types of Federal criminal violations, including but not limited to computer crimes, sexual exploitation of children, and child pornography matters.

2. This affidavit is being submitted in support of an Application for a Search Warrant to search a HP Pavilion dv6700 laptop computer (serial number CNF81816QS) and seize and search an iPod Touch digital device for evidence of violations of Title 18, United States Code, § 2252A(a)(2), concerning the receipt or distribution of child pornography, and Title 18, United States Code, § 2252A(a)(5)(B), concerning the possession of child pornography.

3. The factual basis set forth in this affidavit in support of the application for the search warrant is based upon information I discovered in the course of my investigation, information from other FBI Special Agents, FBI computer forensic examiners, other law enforcement officers or agencies, public records, and information from Internet Service Providers obtained during this investigation. The factual basis also includes information based on my own experience in and knowledge of computer crimes and child pornography investigations as well as the experience, knowledge and expertise of other investigators and forensics

examiners. Not all of the information I have acquired in this investigation is contained within this affidavit.

**Prior Search Warrant Affidavit Incorporated by Reference**

4. On July 1, 2010, Honorable Joseph G. Scoville, Magistrate Judge, authorized the search of Gerber Boy Scout Camp and the seizure and search of computers (1:10-MJ-344). The application, attached affidavit, and search warrant are incorporated by reference.

5. The search warrant was executed on July 1, 2010, and numerous camp staffers were interviewed. Agents seized a desktop computer owned and possessed by SCOTT ALLAN HERRICK, the camp director. The camp director's residence was a point of access for the Internet at the camp.

6. Senior Special Agent Blair Babcock, Immigration and Customs Enforcement, assisted in the execution of the search warrant. Agent Babcock is a trained computer forensic examiner. Agent Babcock conducted a preliminary computer forensic examination and recovered evidence of the specialized peer-to-peer software, the user name "Joshiex," and images of child pornography, including numerous images of prepubescent boys engaged in sexual activity. The images were recovered from deleted space and the file names were no longer linked to the image files. Agent Babcock advised that the computer evidence indicates that someone was deleting the images at 11:00 p.m. on June 30, 2010. Below are an example of images recovered from HERRICK's computer. The images were previously attached to an affidavit seeking a criminal complaint and warrant for HERRICK's arrest (1:10-CR-346).

    a.    Image 1 –
A prepubescent male engaging in an oral sex act on another prepubescent male.

  b.  Image 2 –
    Three prepubescent males naked, with one boy with his erect penis exposed sitting on another boy.

  c.  Image 3 –
    A naked young male being penetrated in actual or simulated anal sex with an adult male who is also naked.

7. The images were recovered while agents were at the camp. HERRICK was confronted with the results of the preliminary computer examination. HERRICK was not in custody and was not advised of his *Miranda* rights. HERRICK was advised that he was not under arrest and was free to leave. HERRICK consented to be interviewed. HERRICK admitted to downloading, distributing, and possessing child pornography. He admitted to using the name "Joshiex" and to using the specialized peer-to-peer software to obtain and distribute child pornography. HERRICK admitted that he was deleting images the night before.

**HP Laptop Computer**

8. HERRICK was asked if he owned or possessed a laptop computer. He claimed to have disposed of his laptop a year earlier. Other camp staff members who were living in the same residence as HERRICK were also interviewed and they reported that HERRICK had a laptop and that they saw HERRICK with the laptop as recently as one week prior.

9. Agents were unable to find HERRICK's laptop computer at the time of the execution of the search warrant. HERRICK, who had been living at the Gerber Scout Camp, was ordered to leave the premises by the Executive Director of the Boy Scouts. The Executive Director permitted HERRICK to gather some of his belongings. The Executive Director told HERRICK that he would pack the rest of his belongings and make arrangements to allow HERRICK to collect his things.

10. On July 7, 2010, the Executive Director advised me that he had found a laptop computer in HERRICK's "other" office. The fact that HERRICK had another office was not previously disclosed to the agents at the time of the search. The Executive Director turned over the laptop to me to secure the property. The laptop has not been searched by law enforcement. The laptop computer is an HP Pavilion dv6700 laptop computer (serial number CNF81816QS).

11. Agent Babcock advised me that HERRICK's desktop computer contains digital evidence that the desktop computer was linked to a laptop computer.

**iPod Digital Device**

12. At the time the search warrant was executed, agents discovered that HERRICK possessed three loaded handguns in his residence. The handguns were unloaded and secured by the agents. HERRICK was not arrested that night and was permitted to leave. Prior to giving HERRICK access to his vehicle, FBI Special Agent Aaron F. Bartholomew conducted a search of the vehicle for any other firearms for the safety of the agents and others within the camp. In the course of that search, Agent Bartholomew discovered an iPod in the center consol along with a jar vaseline. At the time Agent Bartholomew noted the location of the iPod, but left it where he found it.

13. During the execution of the search warrant, Agent Babcock advised the agents that HERRICK's desktop computer contains digital evidence that the desktop computer was link to an iPod. Agent Bartholomew reported what he had seen in the vehicle and retrieved the iPod. The iPod was secured by agents, but not searched. The iPod was a 32 gigabyte iPod Touch.

14. On July 2, 2010, I consulted with the U.S. Attorney's Office and it was unclear whether the vehicle and the iPod were within the scope of the original warrant. Agents were unable to locate HERRICK, so the iPod was given to the Executive Director to be maintained with HERRICK's other personal property. It is my

belief that the Executive Director will surrender the iPod to law enforcement, if asked.

15. iPods are capable of storing, playing, and displaying digital files, including music, videos, games, and still images. iPods contain digital processors and digital memory and are computers. A 32 gigabyte iPod is capable of storing a substantial amount of digital files. Digital files are uploaded to an iPod via a desktop or laptop computer. Remnants of the uploaded files often remain on the computer. HERRICK's desktop computer contains iPod-related folders. Within a folder named "dirty" are an "iPod Photo Cache" folder and a folder named "Josh stuff."

**Considerations Relating to Computers and Digital Evidence**

16. Digital evidence of different types can be recovered from the hard drives of computers and other digital devices depending on a variety of factors, among which is the skill and ability of the user to clean or hide such evidence on the computer. Saved files, temporary files, and even deleted files of all types can be recovered from a computer by a trained forensic examiner. In certain circumstances, password protected and encrypted files may be recoverable by a trained forensic examiner.

17. The computer and other digital devices may provide information about the source of child pornography images on the Internet, other individuals involved in the collection, trafficking and trade of child pornography, the identification of child victims and, possibly, of related crimes including the enticement of minors for sexual purposes or the production of child pornography. Therefore, this warrant seeks permission to search the computer and iPod for evidence in the form of child pornography images or videos, stored e-mails associated with the receipt and distribution of such images, and any chat or other text files relating to contact with collectors of child pornography or with actual children. In conducting the search, the forensic examiner and agents will examine files regardless of their name because such names and file extensions can be altered to conceal their

actual content. Because of the volume of data to be searched and the need to complete the examination in a reasonable time, the forensic examiner will also use computer techniques such as keyword searches which may result in the display of irrelevant materials.

18. Because of the nature and complexity inherent in computer searches, the time period required for a complete, safe, and secure forensic examination of the computer hard drive and storage media is uncertain. Upon determining the extent of material seized requiring forensic examination and any special forensic examination requirements, the Government will provide the Court an estimate of the time required to complete the forensic examinations along with the search warrant return.

19. It is further noted that retention of any computers and other digital devices would be warranted, should any child pornography be found thereon, in order to permit forfeiture of those computers and related properties as instrumentalities of the crime, pursuant to Title 18, United States Code, § 2253(a)(3), or Title 18, United States Code, § 2254(a)(2).

## Conclusion

20.  Based on the facts set forth above, your Affiant submits there is probable cause to believe that evidence of the receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. 2252A, exists within the HP Pavilion dv6700 laptop computer (serial number CNF81816QS) and the iPod Touch secured from HERRICK's vehicle.

21.  WHEREFORE, I request authorization to search the HP Pavilion dv6700 laptop computer (serial number CNF81816QS) and seize and search the iPod Touch digital device currently in the possession of the Executive Director.

/s/
ADAM J. VAN DEUREN
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
this __8th__ day of July, 2010.

JOSEPH G. SCOVILLE
HON. JOSEPH G. SCOVILLE
United States Magistrate Judge
Western District of Michigan

AO 93  (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>HP Pavilion dv6700 laptop computer and<br>iPod Touch digital device | )<br>)<br>)  Case No.  1:10-MJ-348<br>)<br>)<br>) |

Certified as a True Copy
By _M. Hetherington_
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date  JUL  8 2010

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Western_____ District of _____Michigan_____
*(identify the person or describe the property to be searched and give its location)*:

HP Pavilion dv6700 laptop computer serial # CNF81816QS and iPod Touch digital device

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

evidence related to child pornography and sexual exploitation of children

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____July 22, 2010_____
    (not to exceed 14 days)

☐ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
    _Joseph G. Scoville_____ .
                (name)

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐for _____ days *(not to exceed 30)*.
                                    ☐until, the facts justifying, the later specific date of _____.

Date and time issued:    JUL  8 2010        _JOSEPH G. SCOVILLE_____
                                                *Judge's signature*

City and state:    Grand Rapids, Michigan     Joseph G. Scoville, U.S. Magistrate Judge
                                                *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: <br> 1:10-MJ-348 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*