UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

No. 1:10-cr-207

-v-

HONORABLE PAUL L. MALONEY

SCOTT ALLAN HERRICK,
    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS AS TO COUNTS 1-4**

    Defendant Scott Herrick is charged with seven counts relating to child pornography. In counts 1-4, Defendant is charged with attempting to use minors to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, a violation of 18 U.S.C. § 2251(a) and (e). In counts 5 and 6, Defendant is charged with knowingly distributing child pornography, a violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). In count 7, Defendant is charged with knowingly possessing child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

    Defendant filed a motion to suppress. (ECF No. 34.) A hearing on the motion occurred on March 7, 2011. At the hearing, this Court denied the portions of the motion which related to the search of the premises, including issues concerning the affidavits supporting the search warrants and the questioning of Defendant. This Court took the portion of the motion in which Defendant moves to dismiss the indictment, which raises concerns about counts 1-4, under advisement. (ECF No. 42.)

    Defendant requests counts 1-4 of the indictment be dismissed. (ECF No. 37 - Def. Br., 4.) Defendant argues the evidence upon which the counts 1-4 is based, generally described as cell phone videos of young boys changing their clothes in a YMCA locker room, is insufficient to secure a conviction. Specifically, Defendant argues the videos do not depict a "lascivious exhibition of the genitals or pubic area," as required by 18 U.S.C. § 2256. Defendant analyzes the videos using the

six factors outlined in *United States v. Dost*, 636 F.Supp. 828 (N.D. Cal. 1986).

At this juncture of the proceedings, Defendant is not entitled to the relief sought. Generally, courts do not review the sufficiency of the evidence to support an indictment. As explained by the United States Supreme Court, "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *United States v. Costello*, 350 U.S. 359, 363 (1956); *see United States v. Williams*, 504 U.S. 36, 54 (1992) ("We accepted Justice Nelson's description in *Costello v. United States*, where we held that '[i]t would run counter to the whole history of the grand jury institution' to permit an indictment to be challenged 'on the ground that there was inadequate or incompetent evidence before the grand jury.'"). In *Costello*, the defendant challenged whether grand jury may rely on hearsay evidence. In *Williams*, the defendant argued that the prosecutor must disclose substantial exculpatory evidence to the grand jury. The Supreme Court concluded neither argument was supported by the Fifth Amendment or the historic role of the grand jury. Similarly, the Fifth Amendment will not support a defendant's challenge to an indictment based on the insufficiency of the evidence upon which an indictment relies. *United States v. Mills*, 995 F.2d 480, 487-88 (4th Cir. 1993); *United States v. Warner*, 690 F.2d 545, 554 (6th Cir. 1982).

For this reason, the portion of Defendant's motion (ECF No. 34) to suppress taken under advisement, the portion which requests the indictment be dismissed, is **DENIED without prejudice as premature. IT IS SO ORDERED.**

Date:   March 15, 2011                                        /s/ Paul L. Maloney
                                                                                            Paul L. Maloney
                                                                                            Chief United States District Judge