UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,              No.    1:10-CR-207

            vs.                     Hon.   PAUL L. MALONEY
                                                    Chief U.S. District Court Judge

SCOTT ALLAN HERRICK,

                Defendant.

_____/

GOVERNMENT'S TRIAL BRIEF

DONALD A. DAVIS
United States Attorney

DANIEL Y. MEKARU
Assistant United States Attorney

330 Ionia Avenue NW, Suite 501
P.O. Box 208
Grand Rapids, MI  49501-0208
(616) 456-2404

# TABLE OF CONTENTS

I. STATEMENT OF PROCEEDINGS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. STATUTES AND ELEMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A.        Counts One through Four: 18 U.S.C. § 2251(a). . . . . . . . . . . . . . . . . . . . . . . 7

            1.     Proof that Individual was a Minor. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            2.     Attempt. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            3.     Lascivious Exhibition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            4.     Interstate Nexus. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    B.        Counts Five, Six and Seven: 18 U.S.C. § 2252A – distribution and
            possession of child pornography. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV. EVIDENTIARY ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        A.     Rule 702 Witnesses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        B.     Stipulations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

V. WITNESS LIST. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## I.  STATEMENT OF PROCEEDINGS

On July 8, 2010, Defendant, Scott Allan Herrick, was arrested on a criminal complaint.
On July 21, 2010, a Grand Jury for the Western District of Michigan returned a seven-count
indictment charging Defendant with four counts of producing child pornography, two counts of
distribution, and one count of possession.  Defendant was arraigned on July 27, 2010.  Defendant
filed a motion to suppress evidence seized during the execution of the search warrants, suppress
his confession, and dismiss Counts One through Four of the Indictment.  The motions were heard
on March 7, 2011.  The Court denied the motions to suppress.  After taking the Defendant's
motion to dismiss under advisement, it was also denied on March 15, 2011.  The final pretrial
conference was held March 14, 2011, and the trial is scheduled for March 22, 2011.

## II.  STATEMENT OF FACTS

On April 24, 2010, Special Agent (SA) Barry Couch of the Federal Bureau of
Investigation (FBI) office in Rochester, New York, was working in an undercover capacity and
accessed a private peer-to-peer ("P2P") network.  Agent Couch queried his network of "friends"
and determined that an individual with the username "Joshiex" was also logged into the network.
Agent Couch established a peer-to-peer connection with "Joshiex" and browsed the directories
being made available for sharing.  Many video and image files had file names indicative of child
pornography.  The agent selected and downloaded multiple video files that depict child
pornography.  Some of the video files are listed in COUNT FIVE.  (Exhibits 1 and 1a).  At the
time, Agent Couch identified the Internet Service Provider ("ISP"), but was unable to determine
the specific subscriber account associated with the activity.

On June 17, 2010, Agent Couch again accessed a private P2P network and again established contact with user "Joshiex."  Agent Counch reviewed the shared directories and observed approximately 436 video and image files with file names indicative of child pornography that were available to be shared.  The agent selected and downloaded approximately 12 video files.  Some of the videos are listed in COUNT SIX.  (Exhibits 2 and 2a).  This time the ISP had specific subscriber information.  The account came back to Defendant Scott Allan Herrick at the Gerber Boy Scout Camp in Twin Lake, Michigan.  (Exhibit 4).  Defendant was the camp director for the Boy Scout operations.  The Boy Scouts permitted Defendant to live in the camp directors' residence, which was a point of access for the Internet at the camp.  At the time of the search, Defendant shared the residence with three to five other individuals.

On June 25, 2010, Special Agent Thomas Thompson from the FBI office in New York, New York, was undercover in a private P2P network and viewed multiple images and videos of child pornography that were available by "Joshiex" for download.  The agent downloaded and obtained multiple files that he identified as child pornography.  (Exhibits 3 and 3a).  At the time of indictment, the Government did not have copies of the images from the agent to proceed with charges.

On July 1, 2010, Honorable Joseph G. Scoville, Magistrate Judge, authorized the search of Gerber Boy Scout Camp and the seizure and search of computers.  The search warrant was executed on July 1, 2010, and numerous computers were previewed to determine which computer was used to operate the specialized P2P program.  Agents seized a desktop computer (Exhibit 5) that contained a Western Digital-brand internal hard drive (Exhibit 5a) and two

additional hard drives (Exhibits 5b and 5c). The items were owned and possessed by Defendant. (Exhibit 5d).

Homeland Security Investigations (formerly "Immigrations and Customs Enforcement") Senior Special Agents Blair Babcock and Timothy Kruithoff assisted in the execution of the search warrant. Agents Babcock and Kruithoff conducted a preliminary computer forensic examination of Defendant's computer and recovered evidence of the specialized peer-to-peer software, the user name "Joshiex," and images of child pornography, including numerous images of prepubescent boys engaged in sexual activity. Agent Babcock advised that the computer evidence indicated that someone was deleting the images at 11:00 p.m. on June 30, 2010.

Defendant was confronted with the results of the preliminary computer examination. Defendant was not in custody and was not advised of his *Miranda* rights. He was advised that he was not under arrest and was free to leave. Defendant admitted to downloading, distributing, and possessing child pornography. He admitted to using the name "Joshiex" and to using the specialized peer-to-peer software to obtain and distribute child pornography. Defendant admitted that he was deleting images the night before.

Defendant was asked if he owned or possessed a laptop computer. He claimed to have disposed of his laptop a year earlier. Other camp staff members who were living in the same residence as Defendant reported that Defendant had a laptop and that they saw Defendant with the laptop as recently as one week prior. The laptop was recovered approximately 6 days after the search was executed, but the internal hard drive has been removed. (Exhibit 8). Approximately 6 weeks later, on August 21, 2010, the Boy Scouts were conducting a scheduled renovation of one of the buildings and a bag containing hard drives, recordable CDs and DVDs,

and sex toys fell from the ceiling. (Exhibits 9, 9a, 9b, 9c, and 9d). The forensic examination of the numerous hard drives and disks that were recovered in the investigation disclosed numerous images of child pornography. A sample of the images was listed in the Indictment and charged as COUNT SEVEN. (Exhibit 10).

The forensic exam disclosed that Defendant attempted to delete seven videos that he created using a cellular telephone equipped with a camera. The videos were easily recovered. The videos are Defendant's attempt to videotape third grade boys as they dressed in the boys' locker room at the YMCA in Muskegon, Michigan. (Exhibit 6, and Exhibits 6a-6e). (Exhibit 12). Defendant is moving through the locker room and appears to have the camera clipped to his belt at the hip. The boys can been seen in various state of undress. There are images of some boys' genitals or pubic areas. In one portion, a child is seen naked with a unique beach towel. The Government identified the child and recovered child's beach towel from his family. (Exhibit 6f). The child's mother is prepared to testify and has provided a copy of her child's birth certificate. (Exhibit 14). Defendant used a red Palm cellular telephone to create the videos. (Exhibit 7). The cell phone was among the items identified as belonging to Defendant. Defendant can be seen in one of the videos wearing the red cellular telephone. (Exhibit 7a).

Kimberly Kelsey, from the Muskegon YMCA, confirmed that Defendant worked at the YMCA and that his work scheduled overlapped with swim classes for third grade boys. (Exhibits 12 and 12a). The Government has photographs of the locker room which will confirm the location where the videos were taken. (Exhibit 12b). The Government pursued charges on the four of the seven videos. (COUNTS ONE through FOUR).

### III.  STATUTES AND ELEMENTS

**A.      Counts One through Four: 18 U.S.C. § 2251(a)**

The Government charged Defendant with sexually exploiting children by attempting to

use them to produce images of minors engaging in sexually explicit conduct, in violation of Title

18, United States Code Section 2251(a).

Section 2251(a) states, in part, the following:

> Any person who. . . uses, persuades, induces, entices . . .  any minor to engage in . . . any
> sexually explicit conduct for the purpose of producing any visual depiction of such
> conduct, shall be punished as provided under subsection (d), . . . if that visual depiction
> was produced using materials that have been mailed, shipped, or transported in interstate
> or foreign commerce by any means, including by computer . . . .

18 U.S.C. § 2251(a).

The Sixth Circuit does not have pattern jury instructions for § 2251(a). The Government

has not found a Sixth Circuit case stating the elements of the offense.  The Ninth Circuit has the

following model jury instructions for § 2251(a):

First, at the time, [victim] was under the age of eighteen years;

Second, the defendant:

> a) [employed] [used] [persuaded] [coerced] [victim] to take part in sexually
> explicit conduct for the purpose of producing a [e.g., video tape] of such conduct;
> or
>
> b) had [victim] assist any other person to engage in sexually explicit conduct; or
>
> c) transported [victim] [across state lines] [in foreign commerce] [in any Territory
> or Possession of the United States] with the intent that [name of victim] engage in
> sexually explicit conduct for the purpose of producing a visual depiction of such
> conduct; and

Third:

> a) the defendant knew or had reason to know that such visual depiction [e.g.,
> video tape]  would be mailed or transported across state lines or in foreign
> commerce; or
>
> b) the visual depiction was produced using materials that had been mailed,
> shipped, or transported across state lines or in foreign commerce; or

-7-

      c) the visual depiction was mailed or actually transported across state lines or in foreign commerce.

In this case, "sexually explicit conduct" means [sexually explicit conduct definition].

In this case, "producing" means [producing definition].

Ninth Circuit Criminal Manual of Model Jury Instructions, § 8.150 Sexual Exploitation of Child.

Section 2256 provides the following definitions:

      (2)(A) Except as provided in subparagraph (B), "sexually explicit conduct" means actual or simulated—
            (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
            (ii) bestiality;
            (iii) masturbation;
            (iv) sadistic or masochistic abuse; or
            (v) lascivious exhibition of the genitals or pubic area of any person;

      (3) "producing" means producing, directing, manufacturing, issuing, publishing, or advertising;

18 U.S.C. § 2256.

The Government suggests the following as the jury instruction.

a.     First, the victim(s) was (were) under the age of eighteen years;
b.     Second, the Defendant attempted to use the victim(s) to take part in sexually explicit conduct for the purpose of producing visual depictions of such conduct; and
c.     Third, the visual depiction was produced using materials that had been shipped or transported in interstate or foreign commerce.

### 1.    Proof that Individual was a Minor

Government is not required to produce expert testimony in a child pornography prosecution to establish that images are of real children. As finders of fact, the jurors can use their own knowledge and experience to determine whether the images were of real children. *United States v. Farrelly*, 389 F.3d 649 (6th Cir. 2004), superseded by change in sentencing guidelines as stated in *United States v. Williams*, 411 F.3d 675 (6th Cir. 2005); *United States v. Deaton*, 328 F.3d 454 (8th Cir. 2003) (Jury can determine whether children in pornography are real).

### 2.     Attempt

The Indictment charges Defendant with attempting to produce illegal images.  Section 2251(e) prohibits attempt and conspiracies to commit the substantive offense of producing illegal images.  The conduct (actus reus) that a defendant must engage in to commit the substantive offense is the employment, use, persuasion, or coercion of a minor to take part in sexually explicit conduct.  If the defendant engages in this conduct with the requisite mental state (mens rea) (i.e., for the purpose of producing a visual depiction of the conduct), he has committed the substantive offense whether or not any visual depiction is actually produced.  This was illustrated in *United States v. Buculei*, 262 F.3d 322, 325 (4th Cir. 2001).  Buculei made a failed attempt to videotape himself having sex with a 14-year-old girl.  The Fourth Circuit upheld Buculei's conviction for commission of the substantive offense. "That Buculei was unsuccessful in his attempt to actually produce a visual depiction of sexually explicit conduct, with [the minor] as its star, does not, therefore, require his acquittal on Count Two, that he violated § 2251(a). . . . [T]he federal crime charged in Count Two was complete when Buculei induced [the minor] into sexually explicit conduct for the purpose of producing a visual depiction thereof." *Id.* at 328.

"The general rule . . .  is that attempt crimes require proof of a specific intent to complete the acts constituting the substantive offense. The intent to finish the crime, coupled with affirmative acts toward that end, is a sine qua non of a punishable attempt." *United States v. Calloway*, 116 F.3d 1129, 1135-36 (6th Cir. 1997) citing *Wayne R. LaFave and Austin W. Scott, Jr., Substantive Criminal Law* § 6.2(c) (1986).  An attempt requires "an intent to engage in criminal conduct," and "conduct constituting a 'substantial step' toward the commission of the substantive offense which strongly corroborates the actor's criminal intent." *United States v. Lucas*, 499 F.3d 769, 781 (8th Cir.2007).

The Sixth Circuit has a pattern jury instruction for attempts.  The term "attempt" means that the defendant intended to commit the crime of producing images of minors engaged in sexually explicit conduct.  And that the defendant did some overt act that was a substantial step

towards committing the crime of producing images of minors engaged in sexually explicit conduct. Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to produce images of minors engaged in sexually explicit conduct. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough. *Pattern Criminal Jury Instructions*, § 5.01 (6th Cir. 2009).

### 3.      Lascivious Exhibition

The definition of lascivious exhibition and the legal test that is used to analyze whether images are illegal or not, was discussed at length in the Government's Response to the Defendant's Motion to Suppress. (R.39: Government's Response to Defendant's Motions to Suppress Evidence and Dismiss Counts of the Indictment). The Government asks this Court to incorporate that discussion with the following clarification. In *United States v. Brown*, 579 F.3d 672 (6th Cir. 2009), the Sixth Circuit stated that it was adopting a "limited context" test. The Government did not properly brief for this Court what factors may be considered under that test. The *Brown* Court stated that the trier of fact may consider the (1) where, when, and under what circumstances the photographs were taken, (2) the presence of other images of the same victim(s) taken at or around the same time, and (3) any statements a defendant made about the images. *Id.* at 684. Moreover, the *Brown* Court explicitly rejected consideration of past bad acts and a defendant's possession of other pornography, or other generalized facts of "unseemliness." *Id.*

As argued by the Government at the motion hearing, the Government asserts that it, nonetheless, has legal authority to present evidence of a defendant's possession of other pornography. Federal Rules of Evidence, Rule 414, provides, in part, the following:

> (a) In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

(d) For purposes of this rule and Rule 415, "child" means a person below the age of fourteen, and "offense of child molestation" means a crime under Federal law or the law a State (as defined in section 513 or title 18, United States Code) that involved –

* * *

(2) any conduct proscribed by chapter 110 or title 18, United States Code;

Fed. R. Evid. 414.

Defendant is charged with producing, distributing, and possessing child pornography, in violation of 18, U.S.C. § 2251 and § 2252A. Those sections are in chapter 110. Therefore, Rule 414 explicitly authorizes the Government to present evidence of possessing and distributing child pornography as evidence of producing child pornography. As previously argued, the Government must be permitted to show evidence of Defendant's specific intent, particularly since the Government charged Defendant with attempting to commit the offense.

The Eleventh Circuit has a pattern jury instruction for child pornography offenses, which includes the following:

Regarding the last type of sexually explicit conduct—"lascivious exhibition"—not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition, you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

### 4.    Interstate Nexus

Section 2251(a) provides for three ways to establish the necessary Commerce Clause nexus. First, that the defendant had the prospective intent or knowledge of a plan to send the images across a state or international boundary. *See United States v. Carroll*, 105 F.3d 740 (1st Cir. 1997) (Sufficient interstate nexus based on testimony that defendant planned to take images out of state and planned to distribute images on Internet). Second, a Commerce Clause nexus

-11-

may also be found where the images had actually crossed a state or international boundary.  *See United States v. Schaffner*, 258 F.3d 675 (7th Cir. 2001) (Prosecution under § 2251(a) in a case where child pornographic photo crossed state lines was a permissible exercise of Congress' authority under the Commerce Clause).  The third basis for the Commerce Clause authority is the use of materials that had been "mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer."

In the instant case, the Indictment alleges that Defendant used interstate or foreign materials to produce the images.  The Palm cellular telephone with a digital camera was manufactured in China.  The computers and the numerous hard drives were manufactured outside of the United States.  The Government has proposed stipulations that would establish that the items were produced outside of the State of Michigan.

In *Gonzales v. Raich*, 125 S.Ct. 2195 (2005), the Supreme Court held that Congress has the power under the Commerce Clause to criminalize the noncommercial use of medical marijuana under the federal Controlled Substances Act ("CSA").  The marijuana had been grown and sold within the state.  The Court found that marijuana was an interstate activity but that intrastate conduct could nonetheless affect the interstate market that Congress had the power to regulate.  In *United States v. Chambers*, 2006 WL 721827 (6th Cir. Mar. 23, 2006), the Sixth Circuit adopted the *Raich* analysis in the context of child pornography.  The Court held that Polaroid film produced out of state was sufficient to establish interstate nexus.  In *United States v. Bowers*, 594 F.3d 522 (6th Cir. 2010), the Sixth Circuit stated, "we now recognize explicitly that *United States v. Corp*, 236 F.3d 325 (6th Cir. 2001), is no longer the law of the Circuit." *Bowers* at 524.

The Sixth Circuit found sufficient interstate nexus in *United States v. Andrews*, 383 F.3d 374 (6th Cir. 2004).  Defendant Andrews sexually abused his seven-year-old step-daughter and his twelve-year-old niece.  Andrews showed the children adult and child pornography.  He coerced and threatened them into taking pictures of each other with a pen camera.  The images

were found on the computer in the residence.  The indictment alleged federal jurisdiction for violation of § 2251(a) based on the fact that Andrews purchased his computer from New Jersey and that the pen camera was made in China.  *Id.* at 375-78.  Andrews moved to dismiss the production charges claiming that a computer and camera from out-of-state were insufficient interstate nexus.  In denying the motion, the *Andrews* Court"no doubt that the government established a sufficient nexus between the [§ 2251(a) charges] and interstate commerce to establish jurisdiction in this case."  *Id.* at 378.

Likewise, the Sixth Circuit found sufficient interstate nexus in *United States v. Gann*, 160 Fed. Appx. 466 (6th Cir. 2005).  Defendant Gann argued that § 2251(a), was unconstitutional as applied to him because his production of child pornography using his daughters was intrastate and noneconomic, and, as a result, there was an insufficient nexus between his activities and interstate commerce.  *Id.* at 469.  The materials used to create the photographs and videos – computer, compact disks, video camcorder, and digital camera, were all manufactured out of state.  *Id.* at 470.

### B.    Counts Five, Six and Seven: 18 U.S.C. § 2252A – distribution and possession of child pornography

Defendant is charged in Counts Five and Six with distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

Section 2252(a)(2)(A) states, in part, the following:

(2) knowingly receives or distributes—

> (A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or

18 U.S.C. § 2252A(a)(2)(A).

Defendant is charged in Count Seven with possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(4)(B), which states in part:

(a) Any person who—

-13-

(4)(B) knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—

(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(ii) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2252A(a)(4)(B).

The Eleventh Circuit has the following model jury instruction for receipt, distribution and possession of child pornography in violation of 18 U.S.C. § 2252A:

Title 18, United States Code, makes it a Federal crime or offense for any person to knowingly [receive] [possess] [distribute] any child pornography that has been [transported] [shipped] [mailed] in interstate or foreign commerce [including by computer].

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:
First: That the Defendant knowingly [received] [possessed] [distributed] an item or items of child pornography, as charged;

Second: That such item[s] of child pornography had been [transported] [shipped] [mailed] in interstate or foreign commerce [including by computer], as charged; and

Third: That at the time of such [reception] [possession] [distribution] the Defendant believed that such item[s] constituted or contained child pornography, as hereafter defined.

* * *

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where [the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct] [such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct].

* * *

-14-

The term "minor" means any person under the age of eighteen (18) years.

* * *

[The term "identifiable minor" means a person [who was a minor at the time the visual depiction was created, adapted, or modified] [whose image as a minor was used in creating, adapting or modifying the visual depiction] and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; provided that the Government is not required to prove the actual identity of the identifiable minor.]

Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 revision), §75.4 Child Pornography—Receiving, Possessing, Distributing—18 U.S.C. § 2252A(a)(2)(A) and (5)(B).

Based upon the above pattern instructions the Government proposes the following jury instruction for the distribution charges.

First, that the Defendant knowingly distributed images of child pornography;

Second, that such images of child pornography were shipped or transported in interstate commerce by any means, including by computer; and

Third, that the defendant knew that images were child pornography.

The Government proposes the following jury instruction for the possession charge.

First, that the defendant knowingly possessed items of child pornography as charged;

Second, that at the time of such possession, the defendant knew that such items constituted or contained child pornography;

Third, that such items of child pornography had been produced using material that had been shipped or transported in interstate or foreign commerce by computer or other means.

## IV.  EVIDENTIARY ISSUES

### A.      Rule 702 Witnesses

The Government intends to call the agents who conducted the computer forensic exam. The agents have specialized knowledge and training that will assist the jury to understand the

computer evidence. A witness who is "qualified as an expert by knowledge, skill and experience" may present expert testimony if his or her specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. The admission of expert testimony is a matter within the sound discretion of the trial court. *United States v. Bonds*, 12 F.3d 540, 555-557 (6th Cir. 1994), *United States v. Langan*, 263 F.3d 613, 622 (6th Cir. 2001). Special Agent Babcock and Special Agent Kruithoff of HSI, will testify, as experts, to their forensic analysis of the digital evidence at issue in this case. Agents Babcock and Kruithoff have been identified as expert witnesses under Rule 16(a)(1)(G). The Government has provided the qualifications, opinions, and bases for its expert witnesses, under its disclosure obligation under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. In addition, forensic reports have been provided in the discovery materials.

### B.     Stipulations

The Government proposed stipulations to obviate the need for representatives from the computer hard drive manufacturers and the cellular telephone manufacturer to testify that the hard drives and cellular telephone were not manufactured in Michigan. On March 14, 2011, the parties stipulated to the country of origin of the computer hard drives and the cellular telephone.

## V.  WITNESS LIST

Will be disclosed prior to trial.

Respectfully submitted,

DONALD A. DAVIS
United States Attorney

Dated: March 18, 2011

/s/ Daniel Y. Mekaru
DANIEL Y. MEKARU
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI  49501-0208
(616) 456-2404