UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       No.    1:10-CR-207

        vs.                                Hon.  PAUL L. MALONEY
                                                            Chief U.S. District Court Judge

SCOTT ALLAN HERRICK,

        Defendant.
_____/

## GOVERNMENT'S POST-TRIAL BRIEF

Now comes the United States of America through its attorneys, Donald A. Davis, United States Attorney for the Western District of Michigan, and Daniel Y. Mekaru, Assistant United States Attorney, and submits the following post-trial brief.

At the conclusion of the trial, the Court permitted the parties an opportunity to brief the relevance of the Fifth Circuit case, *United States v. Steen*, ___ F.3d ___, 2011 WL 667977 (Feb. 25, 2011, C.A.5 Tex.), and, in particular, Judge Higginbotham's concurrence.

    **1.**    **United States v. Steen**

In *United States v. Steen*, the Fifth Circuit held that the surreptitious video taping of a 16-year-old-girl at a tanning salon was not lascivious. The defendant used his cell phone to video record a person undressing and entering a tanning bed. The *Steen* Court applied the *Dost* factors and found that the video was not lascivious. The Fifth Circuit held that the since the pubic area was only exposed for approximately 1.5 seconds of the 44 second video, the pubic area was not

the focus of the video. *Id*. at *3.  The Court then held that neither the pose nor the location of a naked person lying down on a tanning bed was sexually suggestive.  *Id*.  Sexual coyness was not an issue, as the person did not know she was being watched.  *Id*.  She was completely nude, but the Court averred that nudity without more is protected expression.  *Id.*  The Court stated that the sixth factor, the intent, was the most troublesome, but held that capturing mere nudity is not lascivious.  *Id*.  The Fifth Circuit stated that "there was insufficient evidence to conclude that the image of [the girl's] *genitals* was designed to elicit a sexual response."  *Id.* at *4. (Emphasis in the original).

There was no evidence that Steen knew that he was video recording a person who was only 16 years old.   The Fifth Circuit made a point of stating that Steen had no prior criminal history and that a forensic examination of Steen's computers found adult, but no child pornography.  There was no evidence that Steen uploaded the video to his computer nor had he distributed any of the images.   *Id.* at *2.

The *Steen* case can be distinguished on its facts.  There was no evidence that Steen wanted illegal images of minor.  He clearly wanted pictures of a naked female, but the fact that one of the victims was a minor appeared to be pure happenstance.  The fact the *Steen* court made the point of including that there was no child pornography on Steen's computer and no prior criminal history is indicative of the underlying equities and, perhaps, the unstated sense that the government overcharged the case.  In footnote 3, the *Steen* Court noted that the case was also charged by the state and that those penalties were substantially lower.

The issue before the Fifth Circuit was whether the defendant *succeeded* in producing an image that captured the lascivious exhibition of the *genitals or pubic area*.  The Court found that 1.5 seconds was not a successful completion of that requirement.  The government did not charge

Steen with attempt. It is possible that there was insufficient evidence to charge an attempt to produce images of a minor engaged in sexually explicit conduct, as there was no evidence that Steen knew that she was a minor or that he had sexual interest in minors. However, the *Steen* Court properly noted that mistake of age is not a defense. Perhaps more likely is the fact that Steen could not have known that the girl would fully disrobe. The facts, as stated, suggest that a charge of attempt would have been even more difficult to prove.

It is likely that the holding *Steen* is limited to the facts of that case. In *United States v. Comeaux*, 371 Fed. Appx. 468 (5th Cir. 2010), the Fifth Circuit had little hesitation with affirming a sentencing of 240 months, where the defendant made a video tape of his foster daughter using a camera he had hidden in her bathroom. *Id.* at 470.

The *Steen* case can be distinguished from the instant matter in that there was no evidence of any child pornography on any of Steen's computers and no evidence that the tanning salon video footage had been uploaded to his computer. *Steen* at *2. Here, Defendant had an enormous collection of child pornography, one that he actively traded with others. Furthermore, Defendant loaded his videos on to his computer.

The *Steen* case can be further distinguished by the evidence that the boys were the intended victims. Defendant has a sexual interest in boys. He knew that they would be in the locker room. He knew that they would be changing the clothes and would have to remove their wet bathing suits. The evidence of his *attempt* and his *intent* to produce videos of naked boys is overwhelming.

    **2.** **Judge Higginbotham's Concurrence**

Judge Higginbotham, in his concurrence, expressed his concern with the "excessive reliance on the judicially created *Dost* factors that continue to pull courts away from the statutory

language of 18 U.S.C. § 2251." *Steen* at *4.  Judge Higginbotham criticized the sixth factor which asked whether the depiction was intended to elicit a sexual response in the viewer.  *Id.*  Judge Higginbotham complained that "Congress did not make production of child pornography turn on whether the maker or viewer of an image was sexually aroused."  *Id.*  He then gave the hypothetical of a pedophile who is sexually aroused by photos of children in winter coats at a bus stop.  *Id.*  Judge Higginbotham suggested that the sixth *Dost* factor would permit such conduct to be considered in determining whether the image is illegal.  However, Judge Higginbotham misinterpreted the scope of the sixth *Dost* factor and, by doing so, has envisioned a scenario that stretches the sixth *Dost* factor beyond reason.

Judge Higginbotham correctly notes that "to qualify under § 2251, the images must show a minor being used to engage in sexually explicit conduct." *Id.* at *4.  The term "sexually explicit conduct" includes the "lascivious exhibition of the *genitals or pubic areas* of any person." (Emphasis added).  The *Dost* factors are intended to help determine whether images of the *genitals or pubic area* are lascivious.  The *Dost* factors are not broader than the statute.  Neither the *Dost* factors, nor any federal criminal statute prohibit the "lascivious exhibit of winter coats, children's faces, or even breasts."  *Steen* at *5.  Judge Higginbotham is giving the sixth *Dost* factor a broader interpretation, which makes it nonsensical.  The *Dost* factors pre-suppose that the images that are being analyzed are images that include depictions of the child's genitals or pubic area.  The question is whether that depiction – of a child's genitals or pubic area, is intended to illicit a sexual response in the viewer.  Winter coats, rain coats, shoes, faces, and breasts do not qualify for consideration under *Dost*.  Both Section 2251 and *Dost*, address the sexual interest in the genitalia of children.

WHEREFORE, the United States submits this post-trial brief and asks this Court to find Defendant guilty of Counts One, Two, and Three.

                                                                 Respectfully submitted,

                                                                 DONALD A. DAVIS
                                                                 United States Attorney

Dated: March 25, 2011                          /s/ Daniel Y. Mekaru
                                                                 DANIEL Y. MEKARU
                                                                 Assistant United States Attorney
                                                                 P.O. Box 208
                                                                 Grand Rapids, Michigan  49501-0208
                                                                 (616) 456-2404